UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. MITCHELL,

              Plaintiff,                    No. 14-11346

v.                                District Judge Lawrence P. Zatkoff
                                        Magistrate Judge R. Steven Whalen

ABDELLATIF BADAWI, ET AL.,

              Defendants.

_____/

## OPINION AND ORDER

       Before the Court is Plaintiff Randall C. Mitchell's Motion for Leave to File an Amended Complaint [Doc. #19]. In this motion, Plaintiff seeks to add "more detail" to his original complaint and add two more claims. He also names a number of new Defendants.

       For the reasons and under the terms set forth below, Plaintiff's motion to amend is GRANTED IN PART AND DENIED IN PART.

### I.    STANDARD OF REVIEW

       Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

## II.  DISCUSSION

Plaintiff is a *pro se* prison inmate, and as such, his pleadings are not held to the standard of a practicing attorney, but are to be liberally construed.  *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Nevertheless, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient.  *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.  1988).  The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants.  *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.  1989).  A court "should not have to guess at the nature of the claim asserted."  *Id*.

In opposing the present motion, Defendants argue that to permit this amended complaint would be futile because the complaint fails to state a claim against the newly-named Defendants.

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."   In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has altered the standard for determining whether

-2-

a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp.*
*v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court,
construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need
not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a
right to relief above the speculative level...on the assumption that all the allegations in the
complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks
omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to
relief requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do." *Id.* (Internal citations and quotation marks
omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502
F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief
that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the
Court explained and expanded on what it termed the "two-pronged approach" of
*Twombley*. First, it must be determined whether a complaint contains factual allegations,
as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing
*Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim
for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.  But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> 'shown'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of
the claim showing that the pleader is entitled to relief."

-3-

citations omitted).

Under the *Iqbal* standard, Plaintiff has failed to state a plausible claim against putative Defendants Rich Hallworth, Jonathan R. Walker, Geffery S. Preley, Carl J. Keldie, and Dr. Jeffery C. Stieve. Indeed, although these individuals are named in the caption of the amended complaint, they are not mentioned within the body of the complaint, and there are no factual allegations as to what they allegedly did to violate Plaintiff's constitutional rights.

Plaintiff has also failed to state a plausible claim against Dr. Anita Noranha and Carolyn Drake. He states that he "was educated on wound care and given clindamycin 450 mg, and was told to notify health care when supplies are needed. Ordered by Anita Noronha (MD)." This shows that he received some medical treatment from Dr. Noronha, but does not state a plausible claim of deliberate indifference to his serious medical needs. *See Westlake v. Lucas,* 537 F.2d 857, 860 at n. 5 (6th Cir.1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

Plaintiff alleges that Carolyn Drake, a nurse, "invaded [his] privacy when she enter[ed] the room with prisoner while plaintiff was receiving treatment." *Amended Complaint* [Doc. #21], ¶ 22. There is no allegation that Drake received or disclosed any confidential patient information, much less any constitutionally protected information. *See Lee v. City of Columbus, Ohio*, 636 F.3d 245, 261 (6th Cir. 2011). Plaintiff has failed to state a plausible claim against Carolyn Drake.

This leaves Defendants Badawi, Lisa Adray, and Corizon Health, Inc., who were named in the Plaintiff's original complaint. The amended complaint may be fairly

-4-

construed as adding or expanding on claims of deliberate indifference based on delay of treatment, as well as retaliation on the part of Defendant Adray. These claims meet the plausibility standard of *Iqbal*, and the complaint may be amended accordingly.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint [Doc. #19] is GRANTED IN PART AND DENIED IN PART.

Plaintiff's request to add Defendants Rich Hallworth, Jonathan R. Walker, Geffery S. Preley, Carl J. Keldie, Dr. Jeffery C. Stieve, Dr. Anita Noranha and Carolyn Drake is DENIED.

Plaintiff's request to amend the complaint so as to add allegations of delay of medica treatment as to all Defendants, and to add a claim of retaliation against Defendant Adrary, is GRANTED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2014

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 14, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen