UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. MITCHELL,

                Plaintiff,                        No. 14-11346

v.                                    District Judge Lawrence P. Zatkoff
                                    Magistrate Judge R. Steven Whalen

ABDELLATIF BADAWI, ET AL.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

On March 31, 2014, Plaintiff Randall C. Mitchell, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. The case has been referred for all pretrial proceedings, including filing Reports and Recommendations as to dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the complaint, I recommend that the Court now dismiss it *sua sponte* as to Defendant Jan Nixon, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), for failure to state claims upon which relief may be granted.

### I.    FACTS

In his complaint, Mr. Mitchell, a prison inmate, alleges that following an injury to his foot on June 23, 2011, he received inadequate medical care. His complaint centers on Defendant Dr. Badawi. Mr. Mitchell alleges that Dr. Badawi refused to send him to an outside specialist, and falsely accused him of being non-compliant with a treatment plan. *Complaint* [Doc. #1], § II, Statement of Facts. Mr. Mitchell states that after he was transferred to the E.C. Brooks Correctional Facility in October of 2013, he was finally

referred to a specialist, and underwent surgery on January 14, 2014. *Id*. He claims that the Defendants acted with deliberate indifference to his medical needs, in violation of the Eight Amendment, by depriving him "of a wound care/outside specialist for over two years...making Plaintiff's wound more complicated to heal, and risk of losing his foot." *Id*., § III, Statement of Claims. He also claims that the delay in treatment forced him "to live in inhumane living conditions" because of his untreated medical problems. *Id*.

While Mr. Mitchell describes the basis for his allegations against Dr. Badawi, he does not mention Defendant Jan Nixon in either his original complaint or his amended complaint. Attached to his original complaint, however, are prison grievance forms directed at Dr. Badawi, which indicate that Ms. Nixon reviewed the grievance.

## II.   LEGAL PRINCIPLES

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief." *Brown*, 207 F. 3d at 867. Sua sponte dismissal is appropriate
if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*,
860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106
(1976)); that is, it is held to a "less stringent standard" than those drafted by attorneys.
*Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts
sufficient to show a legal wrong has been committed from which plaintiff may be granted
relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).
Moreover, in order to state a claim on which relief may be granted, a plaintiff must plead
facts that sufficiently meet the "plausibility" standard of *Ashcroft v. Iqbal*, 556 U.S. 662,
129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), which the Supreme set forth as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950
> (Internal citations omitted).

## III. DISCUSSION

On July 14, 2014, I granted in part Mr. Mitchell's motion for leave to file an
amended complaint, permitting him to add an allegation of delay in medical treatment,
and to add a claim of retaliation against Defendant Adray [Doc. #24]. However, neither
his amended complaint [Doc. #20] nor the original complaint [Doc. #1] contains any
factual allegations against Defendant Nixon. Mr. Mitchell does not allege that Ms. Nixon
was personally involved in the alleged constitutional violation. Indeed, he does not even
mention her name in the body of either complaint. Rather, Ms. Nixon's name appear as a
signator to the grievance responses appended to the complaint. Ms. Nixon was merely the

reviewer in grievance no. MRF 13040045512D3. Defendant Adray was the respondent.

A defendant's personal involvement in unconstitutional activity is an essential element of a § 1983 claim. *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995). Mr. Mitchell has not alleged that Ms. Nixon was personally involved in the underlying alleged constitutional violation.  The Sixth Circuit has clearly held that merely denying or responding to an administrative grievance is insufficient to support § 1983 liability. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

Therefore, on its face, the complaint fails to allege a plausible claim for relief against Defendant Nixon. She should therefore be dismissed *sua sponte*.

## IV.    CONCLUSION

For these reasons, I recommend that the complaint be dismissed *sua sponte* as to Defendant Jan Nixon, pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 14, 2014

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 14, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen