UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. MITCHELL,

          Plaintiff,                      No. 14-11346

v.                                 District Judge Bernard A. Friedman
                                 Magistrate Judge R. Steven Whalen

ABDELLATIF BADAWI, ET AL.,

          Defendants.

_____ /

**REPORT AND RECOMMENDATION**

On March 31, 2014, Plaintiff Randall C. Mitchell, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is Plaintiff's Motion for Injunctive Relief [Doc. #37], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTS**

In his complaint, Mr. Mitchell, a prison inmate, alleges that following an injury to his foot on June 23, 2011, he received inadequate medical care. His complaint centers on Defendant Dr. Badawi. Mr. Mitchell alleges that Dr. Badawi refused to send him to an outside specialist, and falsely accused him of being non-compliant with a treatment plan. *Complaint* [Doc. #1], § II, Statement of Facts. Mr. Mitchell states that after he was transferred to the E.C. Brooks Correctional Facility in October of 2013, he was finally referred to a specialist, and underwent surgery on January 14, 2014. *Id*. He claims that

-1-

the Defendants acted with deliberate indifference to his medical needs, in violation of the Eight Amendment, by depriving him "of a wound care/outside specialist for over two years...making Plaintiff's wound more complicated to heal, and risk of losing his foot." *Id*., § III, Statement of Claims. He also claims that the delay in treatment forced him "to live in inhumane living conditions" because of his untreated medical problems. *Id*.

On July 14, 2014, I granted in part Mr. Mitchell's motion for leave to file an amended complaint, permitting him to add an allegation of delay in medical treatment against all Defendants, and to add a claim of retaliation against Defendant Adray [Doc. #24].

In the present motion for injunctive relief, Mr. Mitchell alleges that the shoes given to him cause blisters, and requests that his medical providers within the MDOC be ordered to issue proper shoes.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary

-2-

remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.   DISCUSSION

### A.   Likelihood of Success

Mr. Mitchell's complaint centers on allegations of past denial or delay in medical treatment, and he concedes that in January of 2014, he finally received surgery on his foot. While he complains that he continues to suffer as the result of this delay in treatment, neither his original complaint nor his amended complaint specifically refers to a failure to provide him with proper shoes. His complaint requests monetary damages for the Defendants' past conduct, and does not seek or refer to a need for ongoing or future treatment. Thus, he is unlikely to prevail on the merits of the request for corrective shoes that he raises in the present motion because he did not request such relief in his complaint. His remedy for his current complaint lies first within the MDOC's grievance procedure.

### B.   Irreparable Harm

This is not a case where the Plaintiff has received *no* medical treatment, and to the extent that he argues that the Defendants have not been sufficiently attentive to his needs, or that the treatment has not been efficacious, he has stated no more than a personal disagreement with his doctors. Nor has he shown, beyond speculation, that he will be

irreparably harmed if the Court does not order the immediate issuance of corrective shoes.
Injunctive relief should not issue where the claimed irreparable damage is speculative or
may never occur. *Sharp v. Cureton,* 319 F.3d 259, 272 (6th Cir.2003).

### C. Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. In
this motion, Mr. Mitchell asks that the Defendants be ordered to undertake specific
medical actions. The MDOC has an interest in promulgating and enforcing prison
regulations, including reasonable rules involving prisoner health care, and in contracting
with licensed medical providers such as Corizon. The public has an interest both in
ensuring that prison inmates receive medical care, and also in having a well-regulated and
operated prison system. The MDOC and its medical personnel, both on staff and on
contract, have an interest in practicing medicine based on their best medical judgment and
on the needs of their patients. By granting the requested injunctive relief in this case, the
Court would be in the untenable position of second-guessing Defendants' medical
decisions, a task for which we are particularly ill-equipped. *See Westlake v. Lucas,* 537
F.2d 857, 860, n. 5 (6th Cir.1976) ("Where a prisoner has received some medical
attention and the dispute is over the adequacy of the treatment, federal courts are
generally reluctant to second guess medical judgments and to constitutionalize claims
which sound in state tort law[.]"); *Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th Cir.2003)
("[F]ederal courts must remember that the duty to protect inmates' constitutional rights
does not confer the power to manage prisons or the capacity to second-guess prison
administrators, for which we are ill equipped[.]").

A balancing of the factors weighs substantially against granting the extraordinary
remedy of  preliminary injunctive relief.

-4-

### IV.   CONCLUSION

I recommend that Plaintiff's Motion for Injunctive Relief [Doc. #37] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 18, 2015

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on June 18, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
