UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. MITCHELL,

      Plaintiff,                          No. 14-11346

v.                                 District Judge Bernard A. Friedman
                                    Magistrate Judge R. Steven Whalen

ABDELLATIF BADAWI, ET AL.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

On March 31, 2014, Plaintiff Randall C. Mitchell, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment [Doc. #1]. He filed an amended complaint on June 19, 2014 [Doc. #20].  Before the Court is Defendant Lisa Adray's Motion for Summary Judgment [Doc. #49], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED, and that Defendant Adray be DISMISSED WITH PREJUDICE.

## I.    FACTS[1]

Plaintiff states that he suffers from diabetes and hpyertension, and that on June 13, 2011, he was taken to the hospital and diagnosed "with cellutis (*sic* cellulitis) having an ulcerated area at foot stump site, due from not wearing diabetic shoes." *Amended Complaint* [Doc. #20], ¶¶ 8-9. By January of 2012, he alleges, the ulceration worsened, and he complained of swelling in his foot and leg. Apparently believing that appropriate medical treatment was not being given, he filed a grievance against Defendant Lisa Adray, a nurse. However, he did not exhaust that grievance to the third step of the administrative process "because of Ms. Adray (RN) inimating (*sic* intimidating) actions, and her statement, 'you're not going to win.'" *Id*. ¶ 10. He alleges that he filed another grievance against Adray on March 26, 2013, alleging that she denied him "chronic care treatment" of his ulcer on his right leg. Specifically, he states that Adray told him that because he was late for his appointment, he would have to wait until that evening for another appointment, leaving him with drainage in his sock and shoes for those several hours. *Id*. ¶ 11. He did not fully exhaust that grievance. *Id*.

On April 30, 2013, Plaintiff filed a grievance against Nurse Adray that he says was

---

[1] On July 14, 2014, I granted in part and denied in part Plaintiff's motion to amend his complaint. I denied his request to add Defendants Rich Hallworth, Jonathan R. Walker, Geffery S. Preley, Carl J. Keldie, Dr. Jeffery C. Stieve, Dr. Anita Noranha and Carolyn Drake, but granted the motion to amend the complaint "so as to add allegations of delay of medical treatment as to all Defendants, and to add a claim of retaliation against Defendant Adray." [Doc. #24].

exhausted through the third step. He alleges that on that day, he left an appointment with Adray "after waiting for 30 minutes in the lobby," during which time he suffered drainage in his socks. A corrections officer provided him with gauze. *Id*. ¶ 13.

Plaintiff succinctly states his claims against Defendant Adray as follows in Count Two of his amended complaint:

> "Defendant Adray (RN) acted in bad faith by failing to treat plaintiff denying him dressing changes on two different occasions. Forcing plaintiff to live inhumane with drainage 'waste' on sock and in shoe. Ms. Adray violates plaintiff's first and eight[h] amendment where she acted in a retaliation matter (*sic* manner) and deliberate indifference to a serious medical need." *Id*. ¶ 20.

Defendant Adray has submitted an affidavit in support of her summary judgment motion, along with Plaintiff's MDOC medical records, filed under seal. *Defendant's Motion* [Doc. #49], Exhibit 2. In her affidavit, she states that she has no recollection of any conversation with the Plaintiff regarding a September 13, 2012 grievance, but that she did no treat him differently as a result of that grievance. Rather, she says, "After September 13, 2012, I provided Mitchell medical treatment on multiple occasions, including multiple times a day on some days." *Adray Affidavit*, ¶ 6.

Defendant Adray states that on March 25, 2013, Plaintiff showed up late for an appointment, and staff was unable to see him at that time. Plaintiff became agitated, and exhibited inappropriate behavior, so he was placed in segregation around 10:45 a.m. In segregation, Plaintiff removed his dressing and walked around with the wound open. Later, Adray assessed and dressed Plaintiff's wounds at 12:51 p.m. and 6:56 p.m. *Id*. ¶ 8.

-3-

Adray's statement about what happened on March 25, 2013 is corroborated by medical records submitted with her affidavit, under seal, as Attachment B to Exhibit 2.

Adray states that on April 30, 2013, Plaintiff refused to wait in the waiting area until he was called for his appointment, and left the area. Later, Adray informed Plaintiff that his earlier walkout was considered a refusal of treatment, and that he would have to wait until his second appointment. *Id*. ¶ 9. Treatment notes contained in Attachment C to Exhibit 2 indicate that Plaintiff was seen at 10:23 p.m on April 30, 2013, at which time the wound on the bottom of his right foot was cleansed with betadine and sterile water, and redressed.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff."  *Anderson*, 477 U.S. at 252 (emphasis added).  If the non-moving party cannot meet that burden, summary judgment is clearly proper.  *Celotex Corp.*, 477 U.S. at 322-23.

## III.    DISCUSSION

### A.    Eighth Amendment Deliberate Indifference

The Supreme Court has held that Under the Eighth Amendment, prisoners have a

-5-

constitutional right to medical care.  *Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*  Deliberate indifference may be established by showing an interruption of a  prescribed plan of treatment, or a delay in medical treatment.  *Id.*; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, mere negligence or misdiagnosis of an ailment does not rise to the level of a constitutional violation.  *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at 703.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976).  *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra* ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

For purposes of this motion, I will assume that the ulcerations on Plaintiff's foot constituted a serious medical condition sufficient to satisfy the objective prong of the deliberate indifference test. It is on the subjective prong that Plaintiff's claim falters.

Plaintiff claims that he was denied medical treatment for his foot on March 25, 2013 and April 30, 2013. The medical records submitted with Nurse Adray's affidavit tell a different story.  They show that between January 21, 2013 and March 25, 2013, he was seen, and his foot was treated at least 35 times, sometimes multiple times in a single day. On March 25th, he was seen at 6:56 p.m. and at 7:24 p.m. He was given medication, and his wound was treated and dressed. *See* Attachment B to Adray affidavit.

Attachment C to Adray's affidavit contains Plaintiff's medical records concerning April 30, 2013.  Adray's nurse's comments note that Plaintiff walked out of the appointment, and was told he would have to wait for a second appointment. In his response to this motion [Doc. #55] at ¶ 6, Plaintiff concedes that he "waited over 30 minutes then left health care...."  In any event, the treatment notes indicate that he was in fact seen at 10:23 p.m. on April 30th, at which time the wound on the bottom of his right foot was cleansed and redressed.

So, it's not that Plaintiff did not receive *any* treatment on March 25th and April 30th; his complaint is that he was not seen as quickly as he would have liked. That does not come close to meeting the standard for deliberate indifference. He has received continuous medical evaluation and treatment for both diabetes  and his foot ulcerations.

-7-

His dissatisfaction with the quality or timeliness of that treatment does not equate to an Eighth Amendment violation. *See Westlake v. Lucas*, *supra*.

### B.   Retaliation

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Plaintiff claims that as a result of him filing a grievance, Nurse Adray retaliated against him by refusing medical care. Certainly filing a grievance is protected conduct. But where is the adverse action? As discussed above, Plaintiff received medical treatment, albeit not as quickly as he wanted. Having to wait 30 minutes–or even several hours–to see a medical provider would not deter a person of ordinary firmness from filing a grievance. Plaintiff's retaliation claim must fail.[2]

### IV.   CONCLUSION

I recommend that Defendant Lisa Adray's Motion for Summary Judgment [Doc.

---

[2] In addition, Plaintiff concedes that he did not exhaust his retaliation claim through the third step of the MDOC grievance process, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). That alone would be a basis for dismissing the retaliation charge.

#49] be GRANTED, and that she be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 2, 2016

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on February 2, 2016, electronically and/or by U.S. mail.

s/C. Ciesla                                                    
Case Manager