UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. MITCHELL,

    Plaintiff,                                         Civil Action No. 14-CV-11346

vs.                                                  HON. BERNARD A. FRIEDMAN

ABDELLATIF BADAWI, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on the motion of defendants Corizon Health, Inc. ("Corizon") and Dr. Badawi Abdellatif[1] for summary judgment (docket entry 58). Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff is a pro se prisoner who alleges that defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, by failing to provide him with proper treatment for an ulcer on his right foot. He alleges that Dr. Abdellatif "fail[ed] to send plaintiff to an orthopedic for over two years [and thereby] . . . put plaintiff in immediate and future danger of amputation of limb." Am. Comp. ¶ 19. Defendant Corizon allegedly "ignor[ed] written policy by not approving access to outside treatment site for over two years." *Id.* ¶ 23. For relief plaintiff seeks $1 million in compensatory damages, $1 million in punitive damages, and an injunction "to assure no future risk to his health." *Id.* ¶ 29.

---

[1] Although the complaint names "Abdellatif Badawi," this defendant's name is in fact Badawi Abdellatif. *See* Defs.' Ex. A, Decl. of Badawi Abdellatif, M.D.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See Anderson,* 477 U.S. at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Plaintiff's Eighth Amendment claim is governed by the following legal standards:

> To succeed on his Eighth Amendment claim, [plaintiff] must be able to prove "'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Estelle*, 429 U.S. at 106, 97 S.Ct. 285). An Eighth Amendment claim of denial of medical care has both objective and subjective components, the objective component requiring proof of a "sufficiently serious" medical need, and the subjective component requiring proof of "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle*, 429 U.S. at 104, 97 S.Ct. 285; and *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one

> that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir.1990) (emphasis in original)). With regard to the subjective component:
>
>> [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference.
>
> *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970; and *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994)) (internal quotations omitted).

*Dodson v. Wilkinson*, 304 F. App'x 434, 438-39 (6th Cir. 2008). Expressed another way,

> The standard includes both objective and subjective components. First, the deprivation of Eighth Amendment rights must be "sufficiently serious" such that the prison officials' acts or omissions objectively result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834, 114 S.Ct. 1970 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, the prison officials must have acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298, 111 S.Ct. 2321. In other words, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir.1997) (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

*Jarriett v. Wilson*, 162 F. App'x 394, 402 (6th Cir. 2005).

In the present case, even assuming plaintiff's foot ulcer was an objectively serious medical condition, defendants are entitled to summary judgment because there is no genuine issue as to the subjective component of the claim. In short, plaintiff cannot show that defendants had a

"a sufficiently culpable state of mind in denying medical care" because they did not deny plaintiff medical care. To the contrary, Dr. Abdellatif's lengthy affidavit and the 400+ pages of medical records attached thereto show – and plaintiff does not show otherwise – that he received an abundance of care for his foot ulcer on a regular basis.

Dr. Abdellatif avers that he was involved with plaintiff's care from January 11, 2012, to October 15, 2013. Abdellatif Decl. ¶¶ 10, 45. During this 21-month period, plaintiff was seen by Dr. Abdellatif on at least 29 occasions (1-11-12, 3-13-12, 6-13-12, 9-13-12, 10-26-12, 11-8-12, 12-10-12, 2-13-13, 2-20-13, 2-27-13, 3-14-13, 3-16-13, 3-18-13, 3-21-13, 3-22-13, 3-26-13, 3-26-13, 3-29-13, 4-7-13, 4-22-13, 4-27-13, 4-28-13, 5-7-13, 5-8-13, 5-22-13, 6-19-13, 8-21-13, 9-11-13, 10-7-13). In addition, plaintiff was seen by nurses and P.A.s on at least the following 97 dates, often twice in one day: (2-1-12, 3-9-12, 4-5-12, 7-12-12, 1-21-13, 1-26-13, 2-1-13, 2-11-13, 2-17-13, 2-22-13, 2-23-13, 2-24-13, 2-27-13, 3-1-13, 3-5-13, 3-6-13, 3-7-13, 3-9-13, 3-11-13, 3-12-13, 3-15-13, 3-16-13, 3-19-13, 3-21-13, 3-22-13, 3-24-13, 3-25-13, 3-26-13, 3-27-13, 3-28-13, 3-30-13, 3-31-13, 4-1-13, 4-2-13, 4-4-13, 4-5-13, 4-6-13, 4-7-13, 4-11-13, 4-13-13, 4-16-13, 4-20-13, 4-21-13, 4-24-13, 4-25-13, 4-26-13, 4-27-13, 4-28-13, 4-29-13, 4-30-13, 5-1-13, 5-3-13, 5-4-13, 5-5-13, 5-7-13, 5-8-13, 5-11-13, 5-12-13, 5-15-13, 5-16-13, 5-17-13, 5-18-13, 5-19-13, 5-20-13, 5-22-13, 5-23-13, 5-24-13, 5-25-13, 5-26-13, 5-29-13, 5-30-13, 6-2-13, 6-3-13, 6-6-13, 6-7-13, 6-8-13, 6-9-13, 6-10-13, 6-11-13, 6-12-13, 6-13-13, 6-14-13, 6-15-13, 6-17-13, 6-18-13, 6-21-13, 6-22-13, 6-24-13, 6-25-13, 6-27-13, 6-28-13, 6-29-13, 6-30-13, 7-18-13, 7-26-13, 8-24-13, 8-30-13). During this period, Dr. Abdellatif and the other health care professionals examined and cared for plaintiff's ulcer frequently, advised him as to proper care for it, prescribed various medications (a diuretic, pain medication, several courses of antibiotics, hydrocortisone steroid cream, and a medicated

4

supplement with amino acids to promote healing), prescribed crutches and a wheelchair and told plaintiff to keep weight off his foot, ordered prescription shoes and pressure stockings, ordered that he be given a bottom bunk, ordered that he be moved to a unit closer to the healthcare unit, ordered that he be provided with an attendant to assist him with meals and with movement around the prison, performed regular (often twice daily) dressing changes, cleaned and dressed the ulcer frequently (again, often twice daily), debrided dead skin and trimmed callouses around the ulcer, and conducted x-rays and blood tests and bacterial cultures when infection was suspected.

This record contains no evidence from which a reasonable jury could find that Dr. Abdellatif or other healthcare professionals were deliberately indifferent to plaintiff's foot ulcer. To the contrary, a reasonable jury could find only that plaintiff was provided with excellent, highly attentive care. Plaintiff's suggestions – i.e., that he should have been sent to a specialist or that more lab tests should have been ordered or that tests should have been ordered more quickly – might conceivably be relevant if this were a medical malpractice case. However, in an Eighth Amendment case such as this, plaintiff's mere disagreement with his course of medical treatment is irrelevant. As the Sixth Circuit has stated,

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. *See Fitzke v. Shappell*, *supra* at 1076 n. 4. See also *Jones v. Lockhart*, *supra* at 1194; *Corby v. Conboy*, *supra* at 254. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *See e.g., Pinon v. Wisconsin*, 368 F.Supp. 608 (E.D.Wis.1973). *But cf. Fitzke v. Shappell, supra* at 1076-77 n. 7. Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all. *See Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970).

*Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). *See also McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that [plaintiff] has received some medical attention and [his] claims involve a mere difference of opinion between him and medical personnel regarding his treatment, [plaintiff] does not state a claim under the Eighth Amendment"); *Selby v. Martin*, 84 F. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment"); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Stevenson v. Corr. Med. Servs., Inc.*, No. 1:07CV213, 2009 WL 2488026, at *3 (W.D. Mich. Aug. 13, 2009) ("While plaintiff disagrees with the manner in which his broken arm was treated, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim.").

In this case, the medical care plaintiff received for his foot ulcer is the very antithesis of deliberate indifference. On this record, plaintiff cannot establish the subjective element of his Eighth Amendment claim. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.

                    ___s/ Bernard A. Friedman_____
                    BERNARD A. FRIEDMAN
                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 8, 2016
       Detroit, Michigan